## Meadowbrook Country Club License

*Samuel R. Liever*, for appellant.

*Linn H. Schantz*, for Pennsylvania Liquor Control Board.

HESS, J., January 11, 1952.—Meadowbrook Country Club of Berks County, Inc., is the holder of club catering license no. CC-3444 for its premises located in Bern Township, Berks County, Pa. On March 8, 1948, the Pennsylvania Liquor Control Board revoked appellant's license because of certain alleged violations of law. An appeal was filed in this court, and a hearing set for April 9, 1948. On the day fixed for the hearing, counsel for the board requested that the matter be continued. The case was not again listed for hearing by either side, and the court, in order to dispose of long pending cases, fixed June 27, 1951, for hearing testimony in this and other similar cases. At the latter hearing, counsel for appellant was re-

quested to secure certain records dealing with the issues involved. We are informed that the information has been submitted to counsel for the board and that neither party desires the taking of additional testimony.

The board, after hearing, found as facts that:

1. On Sunday, July 13, 1947; on Sunday, July 20, 1947; on Sunday, July 27, 1947; on Sunday, August 10, 1947; on Sunday, August 17, 1947, and on Sunday, August 24, 1947, the licensed organization, by its servants, agents or employes sold liquor and/or malt beverages or brewed beverages on the licensed premises to nonmembers.

2. The licensed organization is not operated for the mutual benefit of the entire membership in that it is operated by and for one Charles J. Stricker.

3. The licensed organization, by its servants, agents or employes failed and neglected to keep complete and truthful records covering the operation of its license.

Upon the basis of its findings, the board ordered that appellant's club catering license be revoked, effective April 1, 1948.

Counsel for appellant concedes the sales to nonmembers. In fact, certain employes of the club were arrested for making the alleged sales, were convicted by a jury, and thereafter sentenced by this court. Appellant contends that the second and third findings made by the board are unsupported by the evidence. The disputed findings in effect charge that the club is conducted not for the benefit of the members, but for the benefit of one Charles J. Stricker, and that the records covering the operation of its license are not complete and truthful.

The testimony would indicate that at the time the citation was issued the financial records of the club were not kept in a sound, business-like manner. This

situation has in fact been remedied by appellant's engaging the services of a public accountant, who now checks and audits the books. The question of the truthfulness of the records revolves around a determination of who received the proceeds of certain catering functions operated by the club for patrons of the club. The board contended that the money received for conducting these affairs, approximately $1,600, was received not for the benefit of the club but for the personal benefit of Charles J. Stricker. The confusion in the financial records of the club makes it difficult to answer the question. After the hearing, counsel for appellant procured the checks given by the patrons to cover the cost of the various functions. In each case these checks reveal that they were deposited in the bank account of the club to its credit. Counsel for the board has by a letter which is filed in this proceeding indicated that he is apparently satisfied with the evidence submitted in the form of the checks mentioned. We cannot find on the basis of the record before us that the records of the operation of the club are untruthful. Likewise, we cannot find that the club is operated by and for the benefit of Charles J. Stricker rather than for the benefit of the entire membership. The checks already referred to would show conclusively that the money in question was deposited to the credit of the club, and there is no evidence that Charles J. Stricker received any part of it. The finding of fact made by the board that the club sold liquor and/or malt beverages to nonmembers is sustained by the evidence. The other findings of fact are not sustained and are accordingly reversed.

The violations of which appellant is guilty require the imposition of a penalty. We are of the opinion that revocation of the license is unduly drastic when viewed in the light of the record. Under the circumstances, and considering that by reason of other earlier viola-

tions and resulting suspensions appellant cannot be considered as being a first offender, the court concludes that suspension of the license for a period of three months is an adequate and proper penalty.

And now, to wit, January 11, 1952, for the reasons previously stated, the findings of fact are modified in accordance with the foregoing decision, and it is ordered that the catering club license issued by the Pennsylvania Liquor Control Board to the Meadowbrook Country Club of Berks County, Inc., be suspended for a period of three months, said period of suspension to begin on January 21, 1952, at 12 noon, and continue until April 21, 1952, at 12 noon.